[Civ. No. 1103.  Second Appellate District.—June 14, 1912.]

JOHN LAPIQUE, Appellant, v. CHARLES MONROE, Judge, et al., Respondents.

PLEADING—COMPLAINT SHOWING MISJOINDER OF CAUSES OF ACTION AND OF PARTIES—DEMURRERS PROPERLY SUSTAINED—PROPER JUDGMENT. Where a complaint improperly joined several distinct and independent causes of action, and misjoined numerous parties defendant, against many of whom no cause of action was stated, and demurrers, both general and special, were properly sustained, and plaintiff preferred to stand upon his complaint, without amendment, the trial court properly entered judgment for the defendants, and the judgment must be affirmed upon plaintiff's appeal therefrom.

APPEAL from a judgment of the Superior Court of Los Angeles County.  N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

John Lapique, Appellant, in *pro. per.*

E. J. Fleming, and James S. Bennett, for Richard Corcoran et al., Respondents.

Henry T. Gage, and W. J. Foley, for Louis Sentous et al., Respondents.

D. K. Trask, for Franco-American Baking Company et al., Respondents.

ALLEN, P. J.—The first cause of action is one for malicious prosecution; that is to say, the matters alleged approach more nearly a statement of a cause of action of that character than of any other. In substance, it is alleged that certain of defendants conspired together to charge and prosecute plaintiff for a public offense of which he alleges he is innocent. He was, however, bound over by the magistrate, tried by a jury and convicted, which judgment was subsequently reversed by this court. A second cause of action is attempted to be stated under section 1505 of the Penal Code, which section provides a penalty if a judge, after proper application, refuses to grant an order for a writ of *habeas corpus,* or if the officer to whom it is. directed refuses obedience thereto. Various persons, including the sheriff and his official bondsmen, and ministerial officers of the court are made parties to this second cause of action. The writ was issued and no disobedience of same is made to appear. Another attempted cause of action is against the superior judge and officers of the court connected with his trial and conviction, claiming that he was improperly convicted by reason of perjury on the part of certain witnesses and improper conduct upon the part of the court and officers. Separate demurrers were interposed by all of the parties upon about every ground recognized by statute, and the same were sustained. Plaintiff not desiring to amend his complaint, judgment was entered for defendants, from which plaintiff appeals.

We see no error in the action of the trial court. The misjoinder of causes of action, as well as of parties defendant, is apparent, and the ambiguities and uncertainties pointed out by the demurrers are obvious. Aside from this, no cause of

action was stated, or attempted to be stated, against a large number of demurring defendants.

Judgment affirmed.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 13, 1912.