[Civ. No. 4585. Second Appellate District, Division One.—June 4, 1926.]

## J. W. ROBINSON, Appellant, v. JAMES J. GODFREY et al., Respondents.

[1] Pleading — Joinder of Actions — Separate Counts — Parties — Demurrer.—Where the complaint in an action for an accounting between or among partners and for fraud by a stockholder of a corporation against certain of its managing officers is in one count, the two causes of action not being separately stated, and said causes of action do not "affect all the parties to the action," as required by section 427 of the Code of Civil Procedure, a demurrer raising such objections is properly sustained.

[2] Id.—Insufficient Pleading—Demurrer Sustained With Leave to Amend—Appeal.—Where a complaint is objectionable upon each of several grounds stated in a demurrer, and such demurrer is generally sustained, with leave to amend the complaint, it is the duty of the plaintiff either to amend the complaint in such manner as will correct the defects pointed out in the demurrer, or to stand upon his original pleading; and where he adopts the latter course, in order that his appeal from the judgment succeed, it must be shown that the complaint was sufficient in its entirety and subject to none of the objections thereto as specified in the demurrer.

---

(1) 30 **C. J.,** p. 994, n. 65 New; 31 **Cyc.,** p. 118, n. 72.     (2) 4 **C. J.,** p. 732, n. 86.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

---

1.  See 1 **Cal. Jur.** 359, 366.
2.  See 21 **Cal. Jur.** 125.

James M. Robinson and James E. Fenton for Appellant.

Paul M. Gregg, Paul Vallee and Jerry H. Powell for Respondents.

HOUSER, J.—Appeal from a judgment rendered in favor of defendants on the failure of plaintiff to amend his complaint after demurrer sustained thereto.

The complaint as set forth in the record on appeal covers approximately thirty pages, and while it is mechanically divided into nine paragraphs, the story of the pleader consists in allegations more or less appropriate to several different causes of action without a proper or any attempt being made to separately state them. There are first set forth facts which, with the addition of certain other facts, might form the basis for a suit in equity on several different counts by plaintiff as a stockholder of a corporation against certain defendants for alleged fraud committed by them as officers in the management of the business of the corporation; secondly, purported causes of action in partnership accounting are attempted to be alleged as against defendant Godfrey only; and, thirdly, a similar cause of action as against defendants Godfrey and Warner. One of the named defendants is wholly disconnected from any of the allegations of the complaint other than that such defendant is alleged to be the wife of one of the other defendants.

Each of defendants James J. Godfrey and Cecille Eyre Godfrey demurred separately to the complaint, but each of such demurrers is identical with the other as to the several objections to the complaint. In brief, they are that the complaint does not state a cause of action; that in several specified particulars there is a misjoinder of parties defendant; that in the manner designated in the demurrer several causes of action have been improperly united; that several causes of action are not separately stated; that in each of fourteen specified particulars the complaint is uncertain; likewise, unintelligible; likewise ambiguous, and that as appears on the face of the complaint, the action is barred by each of the provisions of sections 337, 338, 339, and 343 of the Code of Civil Procedure.

The complaint is notable with reference to the wealth of detail and evidentiary matter therein contained, but singularly lacking in allegations of ultimate fact. If (without so deciding) by some liberality of construction it may be conceded that as to any of the several causes of action which are apparently attempted to be stated, the essential allegations are present, the remaining issues suggested by the demurrer require consideration. As to the objection to the complaint that it contains a misjoinder of parties, on an examination thereof it becomes apparent that if the intention of the pleader was to confine his cause of action to an accounting between or among partners, the array of facts regarding the activities of the corporation defendant, or of the alleged fraud of defendant Godfrey, was at least unnecessary; and the joinder in such action of the wife of one of the defendants with no allegations in the complaint showing any pecuniary interest in her in the settlement of the controversy, was a pure gratuity. No ultimate fact is averred which would indicate the propriety of the joinder in the action for an accounting between or among partners of either the corporation defendant or the wife of one of the defendants. In the prayer of the complaint plaintiff asks for various forms of relief, including the following: "For all the relief to which this plaintiff may show himself entitled as an individual under said partnership agreement, and as a stockholder in the defendant's corporation, and for all the relief, both legal and equitable, to which this plaintiff may show himself entitled thereunder, . . . "

While it may be surmised that the "motif" of the pleader was accounting in a partnership, the injection into the complaint of such a vast quantity of matter regarding the alleged fraudulent acts of certain of the defendants as affecting the legal rights of the corporation, with consequent damage thereto, as well as the rights of plaintiff as a stockholder of such corporation, renders an accurate determination of the nature of the action somewhat difficult. If by some stretch of the rules of pleading the complaint be considered as legally stating a cause of action for fraud by a stockholder of a corporation against certain of its officers, with the addition to the complaint of certain allegations of ultimate fact, it is conceivable that the corporation would be a proper or even necessary party defendant. [1] But

by assuming that which was apparently intended, and which is indicated by the brief filed for appellant, to wit, that the complaint states both a cause of action for an accounting between or among partners and a cause of action for fraud by a stockholder of the corporation against certain of its managing officers, the question arises as to whether such causes of action have been properly united.  The authority for such a joinder which is suggested by counsel herein is found in section 427 of the Code of Civil Procedure, by which, in substance, it is provided that a plaintiff may unite several causes of action in the same complaint where the plaintiff's claims arise ''out of the same transaction, or transactions connected with the same subject of action, and not included within one of the foregoing subdivisions of this section.  The causes of action so united must all belong to one only of these classes, and must affect all the parties to the action, and not require different places of trial, and must be separately stated; . . . ''

While it is possible that a suit for an accounting, as well as one for fraud, is provided for by one or more of ''the foregoing subdivisions'' of section 427 of the Code of Civil Procedure, the difficulty of joining such actions in the complaint herein is that the statute provides that in order to be so united they must ''belong to one only of the classes'' mentioned therein, and that they ''must affect all the parties to the action, . . . and must be separately stated; . . . '' It is clear that the complaint under consideration fails to qualify at least as to two of such requirements in that the two actions do not ''affect all the parties to the action''; nor are such suits separately stated—each of which objections, as heretofore noted, being one of the grounds of demurrer interposed by the defendants herein.

[2]  In addition to the foregoing reasons which justified the ruling of the judge of the lower court in sustaining the demurrer to the complaint, the pleading is vulnerable on each of several of the fourteen objections specified in the demurrer for its uncertainty, which in the main include the problem of whether the action is one for an accounting, or one for fraud; and if for an accounting, what conditions which were properly averable as ultimate facts were present both at the time of the formation of the partnership and at the time of the commencement of the action, and as to the

latter, particularly with reference to the alleged unsettled accounts of the partnership.

It appearing that the complaint was objectionable upon each of several grounds stated in the demurrer, and such demurrer having been generally sustained, with leave to amend the complaint being granted, it became and was the duty of plaintiff either to amend the complaint in such manner as would correct the defects pointed out in the demurrer, or to stand upon his original pleading. Having adopted the latter course, in order that the appeal from the judgment succeed, it must be shown by appellant that the complaint was sufficient in its entirety and properly subject to none of the objections thereto as specified in the demurrer. In the case of *Aalwyn* v. *Cobe,* 168 Cal. 165, 173 [142 Pac. 79, 83], it is said: "A plaintiff who has declined to amend his complaint, after a demurrer sustained, which is both general and special, must stand upon his pleading as against both grounds of demurrer."

The same point is decided in *Martinovich* v. *Wooley,* 128 Cal. 144 [60 Pac. 760], in which the language of the syllabus is practically identical with the ruling in the Aalwyn case. See, also, *DuBois* v. *Padgham,* 18 Cal. App. 298 [123 Pac. 207]; *Lapique* v. *Monroe,* 19 Cal. App. 253 [125 Pac. 760].

It follows that the judgment should be affirmed. It is so ordered.

Conrey, P. J., and Finlayson, J., *pro tem.,* concurred.