[S. F. No. 14313. In Bank.—September 24, 1931.]

EARL LA FRANCHI et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and BEN SIMONS, Respondents.

Redman, Alexander & Bacon and R. P. Wisecarver for Petitioners.

A. I. Townsend for Respondents.

WASTE, C. J.—The Industrial Accident Commission petitioned for hearing in this court after annulment by the District Court of Appeal of an award of compensation. The only question involved is whether the injured person was an employee or an independent contractor at the time he incurred the injury (loss of an eye) for which the compensation was awarded.

The respondent Simons was employed by petitioner La Franchi, owner of a ranch, to pick up brush in an orchard. The agreed price was thirty dollars, La Franchi stating, however, that he would see that Simons at least made wages out of the job. Both parties testified that if the work had not progressed satisfactorily La Franchi could have discharged Simons. All equipment for doing the work, including a horse and burner, was furnished by the owner. Simons, the employee, was more or less free to determine when he would do the work, so long as it was completed within a period of two months to permit of plowing, and he was apparently free to engage assistants, though the oral contract of employment was silent in this regard; but La Franchi exercised some control over the work.

■ In *Hillen* v. *Industrial Acc. Com.*, 199 Cal. 577, 580 [250 Pac. 570], this court held that whether or not the relation of employer and employee exists is a question of mixed law and fact, a finding to that effect being binding on this court; and that only where there is an entire absence of evidence to support the commission's finding and award should it be set aside. It is apparent from the foregoing brief survey of the evidence that the record contains some testimony tending to support the employee theory. ■ Wages may be measured by time, by the piece, or by any other standard. ■ It is well settled that the Workmen's Compensation Act is to be given an application liberal to the workman.

The findings of the commission are approved and the award is affirmed.

Langdon, J., Curtis, J., Shenk, J., Seawell, J., and Preston, J., concurred.

Rehearing denied.