[Civ. No. 4502.   Third Appellate District.—October 5, 1931.]

METROPOLITAN CASUALTY INSURANCE COMPANY (a Corporation), Petitioner, v. THE INDUSTRIAL ACCIDENT COMMISSION and DEWEY LITTLE-JOHN, Respondents.

Bronson, Bronson & Slaven for Petitioner.

A. I. Townsend for Respondents.

PLUMMER, J.—This cause is before us upon the petition of the above-named company to review an award made by the Industrial Accident Commission in favor of the respondent Dewey Littlejohn.

The question involved in this proceeding is whether the respondent Dewey Littlejohn was an employee or an independent contractor at the time he sustained the injuries resulting in the award just mentioned.

The record shows that the respondent Dewey Littlejohn and William Joseph Lanum were employees of the Pacific Gas & Electric Company and were at work as such employees at and near an orchard owned and operated by the H. B. Orchard Company, of which company a Japanese by the name of Hatamiya was acting as foreman; that during the time Littlejohn and Lanum were employed in the neighborhood of said ranch, Mr. Hatamiya interviewed them with regard to whether they knew ·of anyone who understood "topping" trees. It appears that the Orchard Company owned three trees which they desired to have "topped". In the top of these trees there was a growth of mistletoe. At first it was understood that Littlejohn and Lanum were to "top" the trees only to the extent necessary to remove the mistletoe, but after the work had been carried on in part, Hatamiya requested that the trees be "topped" somewhat lower, or down about fourteen feet from the ground in order that they might be "budded". At the time of the interview with Hatamiya just mentioned, Mr. Littlejohn informed Mr. Hatamiya that he understood "topping" trees, whereupon Mr. Hatamiya asked what would be the charge for "topping" the three trees. Mr. Littlejohn looked over the work, stated that they wanted as their compensation $6 a day apiece, and that the work would require about one day's time for the two men, and the charge therefor would amount to $12. Mr. Hatamiya and another employee of the Orchard Company were to assist in the work. It was agreed that the work should be done on a Sunday so as not to interfere with the employment of Littlejohn and Lanum in their services with the Pacific Gas & Electric Company. Finally, a time was agreed upon for the work, and Mr. Littlejohn and Mr. Lanum went to the premises of the Orchard Company, asked Mr. Hatamiya how he wanted the trees "topped", and the two men went up and began cutting the trees. Hatamiya stayed on· the ground, and assisted by a Filipino, managed the ropes in letting down the limbs so as not to do any damage to a fence standing along the line of the trees. After the mistletoe was all cut out, Mr. Hatamiya, at the suggestion of a man who understood "budding", requested that the trees be "topped" still lower, as heretofore stated, and as there was ample time to complete the work in one day, Littlejohn and Lanum agreed thereto. The saw for

sawing the trees and the ropes used in letting down the limbs were furnished by Hatamiya. While the work was in progress it appears that one of the limbs that was being sawed off, in some way or other not explained, swung around and came in contact with the person of Littlejohn, inflicting somewhat serious injury, to wit, a fracture of the pelvis. The foregoing covers in substance all of the occurrences relating to the employment. The Commission found that the respondent Littlejohn was an employee and not an independent contractor.

Under the provisions of subdivision 1 of subdivision "D" of section 19 of the Workmen's Compensation, Insurance and Safety Act, the burden in this case rests upon the petitioner to prove that Littlejohn and Lanum were independent contractors; otherwise, Littlejohn would be presumed to be an employee. The fact is admitted that Littlejohn, at the time of the injury, was actually performing services for and on behalf of the H. B. Orchard Company. Under the decision of the Supreme Court in the case of *Hillen* v. *Industrial Acc. Com.*, 199 Cal. 577 [250 Pac. 570], it appears that whether a person performing services is an employee or an independent contractor under an oral contract, is a question of law and fact, and that the finding of the Commission is conclusive unless there is an absolute absence of evidence in the record so as to render such finding unreasonable. Following this case and the recent decision of the Supreme Court in the case of *LaFranchi et al.* v. *Industrial Acc. Com.*, 213 Cal. 675 [3 Pac. (2d) 305], where the facts upon which the claim of the injured person being an independent contractor appears to us to be much stronger than they are in this case, it must be held that the circumstances disclosed in the record support the findings of the Commission.

The award is affirmed.

Thompson (R. L.), J., and Preston, P. J., concurred.