[Civ. No. 10739. Second Appellate District, Division One.—October 7, 1936.]

CHARLES KEELING, etc., Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA and JERRY ATWOOD, Respondents.

Bruce Murchison for Petitioner.

Everett A. Corten for Respondents.

DESMOND, J., *pro tem.*—The question here is whether an award made by respondent commission against petitioner and in favor of one Jerry Atwood should be annulled.

Atwood, on June 12, 1935, fell from a truck moving along the highway in the neighborhood of Indio and suffered broken bones and a brain concussion. The referee of the Industrial Accident Commission who heard the case found that at the time of the accident Atwood was an employee of petitioner, and ordered payment of sums necessary to compensate him for loss of earnings and to meet his medical and hospital expenses.

One W. J. Carson owned the truck in question, but had leased it to petitioner under terms which provided "That during the existence of this lease the motor vehicle above described shall' be under the complete control of the Lessee." The petitioner chose to exercise this control by hiring Carson to operate the truck on approximately two round trips per week, hauling freight between Los Angeles and Phoenix. Signs reading "Apache Freight Lines" were painted on both sides of the truck and across the front. Carson had no business other than hauling freight for petitioner with this one truck, the only one he owned. He testified: "When I come into town, I go into the dock (i. e., the loading station of Apache Freight Lines in Los

Angeles) and if there is freight to go out immediately I naturally load up to go out, and if there isn't, I wait my turn to take it out." From the gross amount collected from Carson's hauls, petitioner retained 25 per cent, paying him the balance, minus insurance charges and other items of expense, which were charged against his account. It appeared from the testimony that two men made the trips between Los Angeles and Phoenix, a driver and a helper, the latter serving also as a driver. Merle White, Carson's helper, being unable to go with him on June 12, 1935, Atwood was engaged to take his place, having made one previous trip with White. As to Atwood's employment, the record discloses that a Mr. Hardie, general manager of Apache Freight Lines, had charge of hiring and firing men employed by that organization, Mr. Keeling having like authority, and that on the occasion when Atwood started on his first trip Carson, according to Atwood's testimony, asked Hardie "If it was O.K. for me to go as a driver." He was paid at the rate of $10 per trip and on the occasion of the first trip, "Mr. Carson paid me for half of the trip, that is, he paid me $5 when he left town, that Saturday night. . . . I received a check from Apache Freight Lines for $5 for the other half payment for the trip." Mr. Carson was asked at the hearing, "What arrangement, if any, is there as to payment of any helpers or other people sent on the trucks?" and answered, "They (i. e., Apache Freight Lines) give me so much money, to make the trip to Phoenix, to Tucson, and I pay the help out of that, and if there isn't enough to pay help out of that, they give me a check, and charge it to my account."

From this and other testimony the referee found that Atwood was the employee of petitioner. To support such a finding it must appear that Carson himself was an employee of petitioner and not an independent contractor; further, that in engaging the services of Atwood he did so not for himself but in behalf of petitioner. Reviewing the testimony, we cannot say that there was not sufficient evidence to sustain the finding.

In regard to a decision upon a question of mixed law and fact, the Supreme Court has said in *Hillen* v. *Industrial Acc. Com.*, 199 Cal. 577, at page 580 [250 Pac. 570]:

"Unless there is such an entire absence of evidence in the record as to render the finding unreasonable, or in excess of the powers of the Commission, the court is not empowered to set it aside." This is repeated in *La Franchi* v. *Industrial Acc. Com.*, 213 Cal. 675 [3 Pac. (2d) 305], where it is also said at page 676: "It is well settled that the Workmen's Compensation Act is to be given an application liberal to the workman."

The award is affirmed.

York, Acting P. J., and Doran, J., concurred.