[Civ. No. 16073. First Dist., Div. One. July 28, 1954.]

STATE OF CALIFORNIA (SUBSEQUENT INJURIES FUND), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and AVON CUSICK, Respondents.

Edmund G. Brown, Attorney General, Richard H. Perry, and Gerald F. Carreras, Deputies Attorney General, for Petitioner.

Everett A. Corten for Respondents.

WOOD (Fred B.), J.—An employee who had received an award for permanent disability amounting to 60 per cent filed an application against the Subsequent Injuries Fund, alleging that the 60 per cent disability together with a pre-existing permanent disability amounted to a total disability in excess of 70 per cent. The fund contested this claim. The employee successfully proved it.

In making its award against the fund the Industrial Accident Commission included an item of $35.00 as reimbursement for the employee's medico-legal costs, in respect to a medical report which the employee filed in support of his application for an award against the fund. The fund petitioned for review and annulment of this portion of the award only.

*Question:* Are the following provisions of section 4600 of the Labor Code applicable to the employee and the Subsequent Injuries Fund in such a proceeding as that here under review: "In accordance with the rules of practice and procedure of the commission, the employee, or the dependents of a deceased employee, shall be reimbursed for expenses reasonably, actually, and necessarily incurred for X-rays, laboratory fees, and medical reports required to successfully proved a contested claim"?

These provisions are general in nature and would seem applicable to any "claim" which an "employee" might have, whether against his employer or against the Subsequent Injuries Fund, if the claim is "contested" and is "successfully proved," which this claim was. Significantly, these provisions* are physically severable from the preceding provisions of that section; deal with a separate and distinct subject, litigation costs† instead of medical, surgical and hospital *treatment*; and are *not* in terms *limited to* the obligation of the *employer* as are the preceding provisions of the section.

Significant, also, is the fact that the very section (4751) which expresses the obligation of the state to compensate a workman for that portion of his permanent disability which results from a prior injury uses the word "employee" when referring to him.

---

*They were added to section 4600 by Stats. 1949, ch. 751, p. 1373, four years after the creation of the Subsequent Injuries Fund by Stats. 1945, ch. 1161, p. 2209.

†The reimbursable expenses here involved are in the nature of "costs incurred by an employee in a proceeding before the commission when prosecuting his claim for compensation," not expenses incurred by him for medical treatment. (*Kaiser Co.* v. *Industrial Acc. Com.*, 109 Cal. App.2d 54, 59 [240 P.2d 57].)

Hence, the quoted provisions of section 4600 would seem applicable when the state appears as a party in a contested case, whether it appears as employer or in resistance to a claim which an employee is asserting against the Subsequent Injuries Fund.

This view is aided by the rule of interpretation which obtains in this field of legislation: "The policy of the law, enjoined by both statute and precedent, directs that workmen's compensation laws shall be liberally construed in favor of extending their benefits. (Lab. Code, § 3202; *Aetna Life Ins. Co.* v. *Industrial Acc. Com.* (1952), 38 Cal.2d 599, 604 [241 P.2d 530].)" (*Subsequent Injuries Fund* v. *Industrial Acc. Com.*, 39 Cal.2d 83, 91 [244 P.2d 889].)

This view is further aided by the policy of imposing costs against the state "on the same basis as against any other party . . ." (Code Civ. Proc., § 1028 as amended by Stats. 1943, ch. 165, p. 1061.) No one claims that section 1028 has direct application to a compensation proceeding before the Industrial Accident Commission, but the policy it so emphatically expresses tends to dispel any hesitancy one might otherwise have to infer a legislative intent to subject the state to the litigation costs provisions of section 4600, in whatever capacity the state appears as a contestant.

There is no doubt that the state is a proper party, indeed a necessary party, to a compensation proceeding before the Industrial Accident Commission when an employee asserts a claim against the Subsequent Injuries Fund.

Section 4754 of the Labor Code declares that the "commission shall fix and award the amounts of special additional compensation to be paid under this article. . . ." That makes available, for the determination of the facts and the application of the law to the facts in each case, the compensation provisions (§§ 5300-6002) and other procedural features of the Labor Code, especially in view of section 5300 which enumerates the "proceedings which shall be instituted before the commission and not elsewhere, except as otherwise provided in Division 4." Included in the enumeration are proceedings for the "recovery of compensation" (subd. a) and for "the determination of any other matter, jurisdiction over which is vested by Division 4 in the commission" (subd. f).

This view is confirmed by the practice, as in the instant case, of applying to the commission for adjustment of claim, when a person believes he has a claim for "special additional

compensation" from the state. In 1949 the Legislature expressly recognized the duty of the attorney general to represent the state in such a proceeding, by the declaration in section 4753.5 that in "any such hearing, investigation or proceeding, the Attorney General shall represent the State." (Stats. 1949, ch. 1525, p. 2711.) The commission has implemented these provisions by regulations concerning the form and contents of any claim against the Subsequent Injuries Fund and requiring notice to the attorney general of the filing of any such claim and the service upon him of medical reports and other documentary evidence. (8 Cal. Admin. Code, 10950-10954.)

If any judicial authority be needed, it is furnished by *Subsequent Injuries Fund* v. *Industrial Acc. Com., supra,* 39 Cal.2d 83, by analogy. The court there upheld the constitutionality of "the provision for this fund as a part of a complete system of workmen's compensation" (p. 88) and, in respect to the statute of limitations, found section 5410 of the Labor Code, not section 338 of the Code of Civil Procedure, applicable to claims against the fund. The court also significantly observed: "The state having created the fund may prescribe the conditions under which its liability can be established" (p. 92).

One of the conditions thus prescribed is the use of the compensation proceeding before the commission. One of the features of such a proceeding is the right accorded the employee by section 4600 to be reimbursed "for expenses reasonably, actually, and necessarily incurred for X-rays, laboratory fees, and medical reports required to successfully prove a contested claim." ▮ When all those conditions occur and the commission makes its determination, the award for such costs becomes a part of the judgment for the special additional compensation, an incidental feature of that judgment. ▮ This is quite like costs in a civil action, which are "in the nature of incidental damages to indemnify a party against the expense of successfully asserting his rights" (*Purdy* v. *Johnson,* 100 Cal.App. 416, 418 [280 P. 181]) and the awarding of such costs, which "is but an incident to the judgment" (*Wells Fargo & Co.* v. *City & County of San Francisco,* 25 Cal.2d 37, 44 [152 P.2d 625]).

▮ Accordingly, when the state declares that the employee "shall be paid in addition to the compensation due under this code for the permanent partial disability caused by the last injury, compensation for the remainder of the

combined permanent disability existing after the last injury" (§ 4751) and appropriates money for "payment of the additional compensation for subsequent injury provided for by Section 4751 of the Labor Code,"* the reasonable intendment is to pay such compensation as adjudicated, including the costs properly awarded by the judgment, when, as here, the procedure prescribed for such adjudication has been followed.

██ We are mindful of the fact that when providing for reimbursement of the attorney general and the state compensation insurance fund for certain kinds of expenses incurred by them, respectively, the Legislature dealt explicitly with them, defining the expenses involved and declaring that such expenses are payable out of the appropriations for the payment of the special additional compensation specified in section 4751. (Lab. Code, §§ 4753.5, 4754.) The attorney general would infer (from such express treatment of those expenses and the failure in like manner to make the employee's litigation costs a charge against those appropriations) an intention to disallow the latter.

No such conclusion is tenable. The two types of expenditure are not at all comparable. The reimbursable expenditures of the attorney general and of the Compensation Insurance Fund bear no such incidental relationship to an employee's judgment for compensation as do the litigation costs awarded the employee by that judgment.

The portion of the award under review is affirmed.

Peters, P. J., and Bray, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied September 16, 1954. Edmonds, J., was of the opinion that the petition should be granted.

---

*Item 150 of the Budget Act of 1953; Stats. 1953, ch. 971, p. 2348 at 2385; substantially the same as budget items for this purpose in the several budget acts from 1947 to date.