[Civ. No. 17580. First Dist., Div. One. June 11, 1957.]

SUBSEQUENT INJURIES FUND OF THE STATE OF CALIFORNIA, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and LOUIS J. PRANZITELLI et al., Respondents.

Edmund G. Brown, Attorney General, Gerald F. Carreras and Albert W. Harris, Jr., Deputy Attorneys General, for Petitioner.

Everett A. Corten, Daniel C. Murphy, Tobriner, Lazarus, Brundage & Neyhart and Ridgeway P. Harrison for Respondents.

BRAY, J.—Petitioner seeks review and annulment of an order of the commission (by decision after reconsideration) amending as against petitioner an award made more than five years after the date of the industrial injury.

## QUESTION PRESENTED

Power of commission to act under section 5410, Labor Code, after having previously denied an application for an award against the Subsequent Injuries Fund.

## RECORD

November 11, 1949, applicant suffered an industrial injury to his back and legs. October 8, 1953, findings and award, awarded applicant 72 per cent permanent disability against defendant carrier, but, on the ground that applicant was already totally disabled, it was held that applicant was not entitled to any benefits from the Subsequent Injuries Fund and his application was dismissed.

Thereafter in *Smith* v. *Industrial Acc. Com.*, (Cal.App.) 272 P.2d 895, the District Court of Appeal held that an employee with a 100 per cent permanent disability before the industrial injury could be entitled to benefits from the Fund.

October 11, 1954 (within the five-year period) applicant filed petition to reopen against Subsequent Injuries Fund.

November 1, 1954, due to the fact that a hearing of *Smith* v. *Industrial Acc. Com., supra,* had been granted by the Supreme Court and not yet determined, an order was made taking the case off the commission's calendar to be reset upon request of any of the parties.

November 5, 1954, defendant carrier filed petition to re-open.

April 9, 1956 (beyond the five-year period). By this time *Smith* v. *Industrial Acc. Com.,* 44 Cal.2d 364 [282 P.2d 64], had been decided similarly to the decision in the District Court of Appeal. Orders were entered granting applicant's and carrier's petitions to reopen. Supplemental findings and award were filed reducing the permanent disability award against defendant carrier and imposing 46 per cent award against petitioner.

April 30, 1956, petitioner's petition for reconsideration filed, raising question of commission's jurisdiction.

December 4, 1956, decision after reconsideration was filed. This denied a motion by petitioner for leave to submit additional points and authorities, set aside the orders granting petitions to reopen and supplemental findings and award of April 9, 1956. The commission found that since on April 9, 1956, more than five years had elapsed since the injury, it was without jurisdiction to reduce the permanent disability awarded against defendant carrier and hence could not grant defendant carrier's petition to reopen. It found, however, that good cause existed to reopen against petitioner, and amended the findings and award of October 8, 1953 (which had denied applicant any relief against petitioner) to impose an award against petitioner of 28 per cent permanent disability awarding him $2,739.52 and thereafter a lifetime pension of $12.92 per week. Petition for reconsideration was thereafter denied.

### 1. *Jurisdiction.*

Petitioner concedes that where an application for an award against the Fund is filed within the five-year period stated in section 5410 the commission has jurisdiction to continue the hearing of such application and make the award after the expiration of that period.* Petitioner contends, however, that

---

*Subsequent Injuries Fund* v. *Industrial Acc. Com.,* 39 Cal.2d 83, 91 [244 P.2d 889], held that section 5410 applied to proceedings against the Subsequent Injuries Fund. *Westvaco etc. Corp.* v. *Industrial Acc.*

the employee having made application previously to the commission for an award against petitioner, and the commission having acted thereon dismissing the employee's application, the commission had no power to consider another application against the Fund even within the five-year period unless the application showed a new and further disability than the one considered by the commission on its previous action. Thus, says petitioner, the commission having on October 8, 1953, dismissed the employee's petition for an award from the Fund, even though the commission then acted upon an erroneous view of the law, the employee's only right to ask the commission to rescind, alter or amend that order would be under sections 5803 and 5804, Labor Code, and the courts have held that even though relief under said section is asked for within the five-year period, the commission loses jurisdiction to act at the expiration of the five-year period. (See *Westvaco etc. Corp.* v. *Industrial Acc. Com.*, *supra*, 136 Cal.App.2d 60, 63; *Broadway-Locust Co.* v. *Industrial Acc. Com.*, 92 Cal.App.2d 287 [206 P.2d 856].) Admittedly the employee through the erroneous interpretation of the law by the commission was denied an award against the Fund to which award he was legally entitled. So in determining whether that action of the commission barred him from again asserting his rights, we must have in mind the requirement of the Workmen's Compensation Act that it be given a liberal construction with the purpose of extending its benefits for the protection of injured workmen. (Lab. Code, § 3202.)

Section 5410 provides: "Nothing in this chapter shall bar the right of any injured employee to institute proceedings for the collection of compensation within five years after the date of the injury upon the ground that the original injury has caused new and further disability. *The jurisdiction of the commission in such cases shall be a continuing jurisdiction at all times within such period. . . .*" (Emphasis added.) The emphasized portion of section 5410 is important. The preceding portion of the section gives the employee the right to apply to the commission for the relief provided any time within five years from the injury. If the section means that once that application is acted upon the commission may not (as it may under section 5803 as to actions coming within

*Com.*, 136 Cal.App.2d 60 [288 P.2d 300], points out that it is well settled that where applications are made under section 5410 within the five year period the commission has power to continue its jurisdiction beyond that period.

the purview of that section) rescind, amend or alter its decision as to actions coming within its purview, then the sentence "The jurisdiction of the commission in such cases shall be a continuing jurisdiction at all times within such period" has no meaning. To give that sentence meaning it must be construed to mean that, as in our case, when the protection of the workman requires it the commission's jurisdiction is such that it may change its previous action, provided only that the application for the change is made within the five-year period.

The decision in *Subsequent Injuries Fund* v. *Industrial Acc. Com., supra,* 39 Cal.2d 83, holds in effect that proceedings against the Fund are not brought under section 5803 but under section 5410, even though the injury was the same as the one for which a disability rating against the employer and his carrier had been awarded. The employer and carrier are not concerned with the award against the fund. In the last mentioned case the court did not consider whether the disability for which the applicant was seeking an award against the fund, was one which as against the employer and carrier would have constituted "a new and further disability." It may have considered that as to the Fund the applicant's disability was new and further because no award against it had been made. In any event, the case definitely holds that applications against the Fund are under section 5410, which provides "continuing jurisdiction at all times." ▆ Therefore the commission has continuing jurisdiction to grant, change or otherwise deal with an award against the Fund, provided only that the application for such change or action is filed within the five-year period. As before stated, it is well settled that the commission has power to continue its jurisdiction to act under section 5410 beyond the five-year period, where application is made within that period. (*Sutton* v. *Industrial Acc. Com.,* 46 Cal.2d 791, 794 [298 P.2d 857]; *Westvaco etc. Co.* v. *Industrial Acc. Com., supra,* 136 Cal.App.2d 60, 64.)

Section 5410 is a more liberal section than sections 5803 and 5804. As pointed out in the Sutton case, the latter sections do not deal with the time when applications thereunder *shall be made* but with the time within which they *must be acted upon.* Section 5410, on the contrary, deals with the time when an employee may "institute" proceedings to which the section applies. ▆ To apply the limited effect of sections 5803 and 5804 to proceedings as to which section 5410 applies, would be to deny that liberality of interpretation which the policy of

Workmen's Compensation Law requires. ■ "The policy of the law, enjoined by both statute and precedent, directs that workmen's compensation laws shall be liberally construed in favor of extending their benefits. (Lab. Code, § 3202; *Aetna Life Ins. Co.* v. *Industrial Acc. Com.* (1952), 38 Cal.2d 599, 604 [241 P.2d 530].)" (*Subsequent Injuries Fund* v. *Industrial Acc. Com., supra,* 39 Cal.2d at p. 91.)

The order is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied August 6, 1957.