[Civ. No. 10699.   Third Dist.   Mar. 25, 1964.]

DARRELL LOWMAN, Plaintiff and Appellant, v. WILLIAM M. STAFFORD, Defendant and Respondent.

Morton L. Friedman for Plaintiff and Appellant.

Kroloff, Brown, Belcher & Smart and William B. Boone for Defendant and Respondent.

SPARKS, J. pro tem.*—The constitutionality of section 3601 of the California Labor Code,[1] insofar as that section limits the right of a workman to sue a fellow employee, is the sole issue presented on this appeal. As far as we have ascertained, it is a question of first impression in this state. The

---

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.

[1]Labor Code section 3601, as amended in 1959, reads:

"(a) Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is, except as provided in section 3706, the exclusive remedy for injury or death of an employee against the employer or against any other employee of the employer acting within the scope of his employment, except that an employee, or his dependents in the event of his death, shall, in addition to the right to compensation against the employer, have a right to bring an action at law for damages against such other employee, as if this division did not apply, in the following cases:

"(1) When the injury or death is proximately caused by the willful and unprovoked physical act of aggression of such other employee.

"(2) When the injury or death is proximately caused by the intoxication of such other employee.

"(3) When the injury or death is proximately caused by an act of such other employee which evinces a reckless disregard for the safety of the employee injured, and a calculated and conscious willingness to permit injury or death to such employee.

"...............

"(c) In no event, either by legal action or by agreement whether entered into by such other employee or on his behalf, shall the employer

case was brought before us in the following manner: Demurrer to plaintiff's complaint was sustained with leave to amend. Plaintiff elected not to amend and judgments were entered in favor of defendants William M. Stafford and Morris Draying Company. Plaintiff Darrell Lowman appeals only from the judgment in favor of defendant Stafford, respondent herein. ▌ Upon such failure to amend, this court is only required to determine whether, as a matter of law, the unamended complaint states a cause of action. (*Jeffers* v. *Screen Extras Guild, Inc.*, 107 Cal.App.2d 253 [237 P.2d 51]; *Robinson* v. *Godfrey*, 78 Cal.App. 284 [248 P. 268].)

The action was filed to recover damages for personal injuries as the result of an automobile accident which occurred on United States Highway 40 in Solano County, California. As alleged in the complaint, at the time of the accident plaintiff was driving a truck for his employer, Morris Draying Company. Another truck, allegedly driven in a negligent manner by defendant William M. Stafford, collided with the truck being driven by plaintiff. By a quirk of fate, the second truck was also owned by defendant's employer, Morris Draying Company, and the driver, defendant Stafford, and plaintiff were fellow employees. Each of the drivers at the time of the accident was acting within the course and scope of his employment.

▌ The complaint does not purport to state a cause of action under subsections (1), (2), or (3) of subdivision (a) of said section 3601, i.e., when the injury is caused by intoxication or a wilful or wanton act by a coemployee. Since the injuries were alleged to have arisen out of a common employment and as a result of the simple negligence of a fellow employee, the demurrer to the complaint was properly sustained, unless the said section of the Labor Code be found invalid.

Appellant urges as grounds for reversal that prior to the amendment of section 3601 of the Labor Code, effective September 1959, a plaintiff had a right of action against a fellow

be held liable, directly or indirectly, for damages awarded against, or for a liability incurred by such other employee under subsections (1), (2), or (3) of subdivision (a) of this section.

"(d) No employee shall be held liable, directly or indirectly, to his employer, for injury or death of a coemployee except where the injured employee or his dependents obtain a recovery under subdivision (a) of this section."

employee for negligence;[2] that the California Constitution (art. XX, § 21, providing for workmen's compensation) did not authorize or empower the Legislature to legislate between employees, but only on the relationship of an *employer* to an *employee*; that for the Legislature to go beyond the scope of the constitutional enabling provision and take away a right under the guise of its police power would be in violation of the due process clauses of federal and state Constitutions.

The Workmen's Compensation Act of this state has heretofore on a number of occasions withstood attack on constitutional grounds. Its provisions, generally, as a valid exercise of police power by the state, are no longer open to question. (*Western Indemnity Co.* v. *Pillsbury,* 170 Cal. 686 [151 P. 398]; *Englebretson* v. *Industrial Acc. Com.,* 170 Cal. 793 [151 P. 421]; *North Pac. S. S. Co.* v. *Industrial Acc. Com.,* 174 Cal. 500 [163 P. 910]; *Miller & Lux Inc.* v. *Industrial Acc. Com.,* 179 Cal. 764 [178 P. 960, 7 A.L.R. 1291]; see 2 Hanna, Employee Injuries and Workmen's Compensation, pp. 24-25.) Recently this court had before it questions concerning the validity of the workmen's compensation legislation,[3] and in an opinion by Mr. Presiding Justice Pierce reviewed at some length the rationale of the act and the impact upon it of constitutional provisions. (*Pacific Employers Ins. Co.* v. *Industrial Acc. Com.,* 219 Cal.App.2d 634 [33 Cal.Rptr. 442].) We concluded in that case that the legislation under attack constituted a valid exercise by the state of its police power and upheld the enactment. However, we made it clear that all regulatory legislation could not be sustained under the guise of "police power," observing that "Ours is a government of constitutional limitation; of checks and balances. Our system does not tolerate unrestrained overriding of the rights of individuals in the name of police power. ... Where the police power is urged as taking a case

---

[2]At common law fellow servants owed to each other the duty to exercise ordinary care and prudence in the transaction of their work, and for failure to do so were liable to each other for resulting personal injury. (7 Labatt, Master and Servant (2d ed.) p. 8006.) Prior to the 1959 amendment of the Labor Code, this was the accepted rule in California. (*Singleton* v. *Bonnesen,* 131 Cal.App.2d 327 [280 P.2d 481]; *Lamoreux* v. *San Diego etc. Ry. Co.,* 48 Cal.2d 617, 625 [311 P.2d 1].)

[3]In the case of *Pacific Employers Ins. Co.* v. *Industrial Acc. Com., supra,* we considered the constitutionality of section 5500.5 of the Labor Code as amended in 1959, which subjected any one or more of a number of successive employers to settle for an entire award of compensation for disability caused by an occupational disease contracted as the result of more than one employment.

outside the guaranty of due process a careful weighing and balancing must decide the conflict.'' (P. 713.) ■ We also quoted with approval the following language from *Western Indemnity Co.* v. *Pillsbury, supra,* at page 694, which we now find to be pertinent to the instant case: ''... But, if a given piece of legislation may fairly be regarded as necessary or proper for the protection or furthering of legitimate public interest, the mere fact that it hampers private action in a matter which had theretofore been free from interference is not a sufficient ground for nullifying the act.''

■ The state Constitution expressly vests the Legislature with power to create and enforce a complete system of workmen's compensation (Const., art. XX, § 21) with plenary power to provide by appropriate legislation for a settlement of disputes arising thereunder. ■ And, although the act is to be liberally construed in favor of the workman (Lab. Code, sec. 3202; *La Franchi* v. *Industrial Acc. Com.,* 213 Cal. 675 [3 P.2d 305]; *Bianco* v. *Industrial Acc. Com.,* 24 Cal.2d 584 [150 P.2d 806]; *State of California* v. *Industrial Acc. Com.,* 126 Cal.App.2d 740 [273 P.2d 342]; *Subsequent Injuries Fund* v. *Industrial Acc. Com.,* 151 Cal.App.2d 606 [312 P.2d 78]), nevertheless, if the injuries fall within the scope of the act, a proceeding thereunder constitutes exclusive remedy. (*Freire* v. *Matson Navigation Co.,* 19 Cal.2d 8 [118 P.2d 809]; *Giacalone* v. *Industrial Acc. Com.,* 120 Cal. App.2d 727 [262 P.2d 79]; *Scott* v. *Pacific Coast Borax Co.,* 140 Cal.App.2d 173 [294 P.2d 1039].)

In the case before us the plaintiff sustained an industrial injury while acting within the scope of his employment, and as alleged in his complaint, he is receiving and will continue to receive workmen's compensation for said loss of employment. He was entitled to, and evidently is receiving from his employer, all of the benefits of the act, irrespective of questions of fault. There was no burden upon him to prove that the accident in question was caused by the negligence of his employer or of a fellow employee; neither did he take the chance that his right to compensation would be defeated because he, himself, may have been contributorily negligent, or barred by any other common law defense such as the fellow servant doctrine. (See Prosser on Torts (2d ed.) p. 378.) Finally, he was protected against similar suits in the event he, himself, were the negligent employee, the risk of such injuries being borne by the industry rather than by the individual workman alone.

██ We conclude that the Legislature in enacting section 3601 of the Labor Code did not exceed the plenary power thus vested in it by the Constitution. "A complete system of workmen's compensation" reasonably could be held to embrace provisions saving workmen harmless from their simple acts of negligence in performing tasks with their fellow workmen, and fixing responsibility therefor solely upon the employer. ██ The theory of the compensation law is not to provide indemnity for negligent acts or compensation for legal wrongs as at common law but to furnish *economic insurance* (*Moore Shipbuilding Corp.* v. *Industrial Acc. Com.*, 185 Cal. 200 [196 P. 257, 13 A.L.R. 676]). ██ The controversy in question involved no third person but was exclusively between two fellow workmen, acting within the scope of their employment, and the employer. The Legislature was empowered by the Constitution to bring this type of industrial injury within the purview of the Workmen's Compensation Act.

██ A statute will be construed with a view to promoting rather than to defeating its general purpose and the policy behind it. (*Department of Motor Vehicles* v. *Industrial Acc. Com.*, 14 Cal.2d 189 [93 P.2d 131]; *People* v. *Centr-O-Mart,* 34 Cal.2d 702 [214 P.2d 378].) ██ The objects sought to be achieved and the evils sought to be prevented are of prime consideration in its interpretation. (*California Drive-In Restaurant Assn.* v. *Clark,* 22 Cal.2d 287 [140 P.2d 657, 14 A.L.R. 1028]; *Rock Creek etc. Dist.* v. *County of Calaveras,* 29 Cal.2d 7 [172 P.2d 863]; *Richfield Oil Corp.* v. *Crawford,* 39 Cal.2d 729 [249 P.2d 600]; *Wotton* v. *Bush,* 41 Cal.2d 460 [261 P.2d 256]; *Freedland* v. *Greco,* 45 Cal.2d 462 [289 P.2d 463].) ██ A statute duly enacted by the Legislature will not be struck down on constitutional grounds solely for the reason that it curtails or abrogates some common law remedy, unless, of course, it affects causes of action existing at the time of the enactment of such statute. (*Callet* v. *Alioto,* 210 Cal. 65 [290 P. 438]; *Castro* v. *Singh,* 131 Cal.App. 106 [21 P.2d 169]; *Forsman* v. *Colton,* 136 Cal.App. 97 [28 P.2d 429].)[4] ██ Although rights of property which have been created by the common law cannot be taken away without due process, the law itself, as a rule of conduct, may be changed at will by the Legislature (*Western Indemnity Co.*

---

[4]The accident involving plaintiff and Stafford occurred on October 26, 1961, obviously after the effective date of the 1959 amendment to section 3601 of the Labor Code.

v. *Pillsbury, supra,* 170 Cal. 686), subject only to constitutional provision. "... It may create new rights or provide that rights which have previously existed shall no longer arise, and it has full power to regulate and circumscribe the methods and means of enjoying those rights, so long as there is no interference with constitutional guaranties." (*Modern Barber Colleges, Inc.* v. *California Employment Stab. Com.,* 31 Cal.2d 720, 726 [192 P.2d 916].)

We are mindful also that the common law of England is the rule of decision in California courts only so far as it is not repugnant to or inconsistent with the Constitution of the United States, or the Constitution or *laws of California.* (Civ. Code, § 22.2;[5] *Philpott* v. *Superior Court,* 1 Cal.2d 512 [36 P.2d 635, 95 A.L.R. 990]; *Victory Oil Co.* v. *Hancock Oil Co.,* 125 Cal.App.2d 222 [270 P.2d 604]; *Corcoran* v. *City of San Mateo,* 122 Cal.App.2d 355 [265 P.2d 102, 39 A.L.R. 1448].) Specifically, when modified by state statutes, the common law is inapplicable in California. (*Monterey Club* v. *Superior Court,* 48 Cal.App.2d 131 [119 P.2d 349]; *Bryan* v. *Banks,* 98 Cal.App. 748 [277 P. 1075]; *In re Bagwell,* 26 Cal.App.2d 418 [79 P.2d 395].) "... The common law is only one of the forms of law and is no more sacred than any other. As a rule of conduct, it may be changed at the will of the legislature, unless prevented by constitutional limitation" (*People* v. *Hickman,* 204 Cal. 470, 479 [268 P. 909, 270 P. 1117]); and as we have noted, the 1959 amendment to the Labor Code did not abolish outright a common law cause of action, but instead restricted the right to recover against a fellow employee dependent upon proof of (1) a wilful and unprovoked physical act of aggression, or (2) intoxication of such other employee; or (3) acts evincing a reckless disregard for the safety of the other employee (Lab. Code, § 3601).

The final contention made by appellant that the Workmen's Compensation Act would not apply to an injury that occurred on a public highway some fifty miles from the employer's principal office site is without merit. It is established that an injury is compensable under the Workmen's Compensation Act if it results from an activity con-

---

[5]Civil Code, section 22.2, reads:

"The common law of England, so far as it is not repugnant to or inconsistent with the Constitution of the United States or the Constitution or laws of this State, is the rule of decision in all courts of this State."

templated by the employment, even though it occurs in a location not directly owned or controlled by the employer. (*Reinert* v. *Industrial Acc. Com.*, 46 Cal.2d 349 [294 P.2d 713]; *Shell Oil Co.* v. *Industrial Acc. Com.*, 199 Cal.App.2d 426 [18 Cal.Rptr. 540]; *Aubin* v. *Kaiser Steel Corp.*, 185 Cal.App.2d 658 [8 Cal.Rptr. 497].)      Neither is there validity to the argument that the Vehicle Code of this state, and its numerous enactments concerning the rules of safety on the highway, was intended to preempt the field with respect to accidents thereon. The Vehicle Code itself provides that ''Any motor vehicle liability policy need not cover any liability for injury to the assured or any liability of the assured assumed by or imposed upon the assured under any workmen's compensation law nor any liability for damage to property in charge of the assured or the assured's employees or agents.'' (Veh. Code, § 16454.)

The judgment is affirmed.

Pierce, P. J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 20, 1964.