[L. A. No. 29640. In Bank. Feb. 26, 1970.]

SUBSEQUENT INJURIES FUND, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD and
NICK BACA, Respondents.

**COUNSEL**

Thomas C. Lynch, Attorney General, Harold B. Haas, Assistant Attorney General, William L. Zessar, Jerold A. Prod and Anthony M. Summers, Deputy Attorneys General, for Petitioner.

Everett A. Corten, Nathan Mudge and Sheldon M. Ziff for Respondents.

**OPINION**

**MOSK, J.**—This is a companion case to *Subsequent Injuries Fund* v. *Workmen's Comp. App. Bd.* (*Talcott*), *ante,* page 56 [84 Cal.Rptr. 140, 465 P.2d 28].

Nick Baca (hereinafter called respondent) sustained two industrial injuries to his back, one on December 1, 1959, and one on March 1, 1961. He received voluntary temporary disability payments until February 1, 1963. On April 24, 1963, he filed two separate applications for benefits, one for each injury, against his employer and its insurance carrier. An award fixing permanent total disability at 69½ percent was made on December 4, 1964. Of this total disability 31½ percent was attributed to the 1959 injury and 38 percent to the 1961 injury.

On February 28, 1966, one day short of five years following the second injury, respondent filed a petition to reopen the proceeding relating to the

second injury, alleging that he had suffered new and further disability. The only defendants in this proceeding were his employer and its carrier. In May 1967 the Workmen's Compensation Appeals Board (hereinafter the Board) increased the disability rating from the second injury to 53 percent, thus raising the total disability rating to 84½ percent. About two weeks thereafter (more than five years after the date of injury) respondent filed a proceeding against the Subsequent Injuries Fund (hereinafter the Fund) claiming a combined disability in excess of 70 percent.

The Board found in respondent's favor and awarded him lifetime benefits against the Fund. It found that his claim was not barred by the five-year limitation period set forth in section 5410 of the Labor Code on the same grounds as in *Talcott,* i.e., since the employer had paid disability benefits to respondent within one year of the time the application against the Fund was filed, his application against that entity was timely filed under section 5405, subdivision (b), of the Labor Code. The Fund argues, for the same reasons as outlined in *Talcott,* that section 5410 is the applicable statute of limitations. It also makes the contention that respondent here knew before the five-year period of section 5410 had expired that he had a claim against the Fund.

The substantive considerations set forth in *Talcott* are equally applicable here and repetition is not necessary. ■ Under the rule stated there respondent's claim against the Fund is barred if he knew or could be reasonably deemed to have known prior to March 1, 1966, that there was a substantial likelihood he would be entitled to subsequent injuries benefits. ■ He was aware prior to March 1, 1966, that he would qualify for benefits from the Fund if his total disability rating was increased by only ½ percent and he had filed a claim against his employer alleging that he had suffered a new and further disability on account of the second injury. Under these circumstances, he must be held as a matter of law to have known that there was a substantial likelihood that the Fund would be liable for the payment of benefits to him prior to the expiration of five years from the date of his injury. Therefore his filing against the Fund was not timely.

The decision of the Board is annulled.

Tobriner, Acting C. J., McComb, J., Peters, J., and Burke, J., concurred.

**SULLIVAN, J.**—I concur in the judgment annulling the decision of the Board. For the reasons set forth in my dissenting opinion in *Subsequent Injuries Fund* v. *Workmen's Comp. App. Bd.* (*Talcott*) *ante,* page 56 [84 Cal.Rptr. 140, 465 P.2d 28], I am of the opinion that the award of subsequent injuries benefits to the applicant herein should be annulled upon the ground that his claim therefor was

barred by the provisions of section 5410 of the Labor Code (see *Subsequent etc. Fund* v. *Ind. Acc. Com. (Patterson)* (1952) 39 Cal.2d 83 [244 P.2d 889]; *Subsequent Injuries Fund* v. *I.A.C. (Pranzitelli)* (1957) 151 Cal. App.2d 606 [312 P.2d 78]; *State of Cal.* v. *Industrial Acc. Com. (Clubb)* (1957) 155 Cal.App.2d 288 [318 P.2d 34]), and not upon the rationale relied upon by the majority with which I disagree.

Petitioner's application for a rehearing was denied March 25, 1970.