[L.A. No. 29641. In Bank. Feb. 26, 1970.]

SUBSEQUENT INJURIES FUND, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD and
WAYNE E. PULLUM, Respondents.

COUNSEL

Thomas C. Lynch, Attorney General, Harold B. Haas, Assistant Attorney General, Jerold A. Prod and William L. Zessar, Deputy Attorneys General, for Petitioner.

Everett A. Corten, Nathan Mudge, Sheldon M. Ziff and Nicholas C. Byhower for Respondents.

OPINION

MOSK, J.—This is another companion case to *Subsequent Injuries Fund* v. *Workmen's Comp. App. Bd.* (*Talcott*) *ante,* page 56 [84 Cal.Rptr. 140, 465 P.2d 28].

Wayne E. Pullum (hereinafter called respondent) sustained an industrial injury on November 15, 1961. He was afforded medical benefits thereafter and on October 30, 1964, he applied to the Industrial Accident Commission (now the Workmen's Compensation Appeals Board, hereinafter the Board) for compensation against his employer and its carrier. It was not until July 27, 1967, that the Board made an award in his favor. It found that he had 71½ percent disability, 46½ percent of which was attributed to the industrial injury, and the remainder to a preexisting condition. There was a specific finding that respondent's condition had not become permanent and stationary until November 16, 1966, one day longer than five years from the date of injury. On September 28, 1967, nearly six years after the injury, respondent filed for benefits against the Subsequent Injuries Fund (hereinafter the Fund).

The Board found that the claim against the Fund was timely filed under section 5405 of the Labor Code because, under the award of July 28, 1967, the employer was required to pay benefits for a period within one year prior to the date the application against the Fund was filed.

This case is similar to *Talcott* in that an application for normal benefits was timely filed against the employer, but no award for permanent disability against the employer was made until after five years from the date of the injury had elapsed (Lab. Code, § 5410). The same considerations set forth in *Talcott* are applicable here and for the reasons therein set forth section 5410 should not be held as a matter of law to bar petitioner's claim.

Respondent filed his claim against the Fund within two months after he learned of his permanent disability rating, and there is no claim that the

period between the permanent disability award and the filing of his application for subsequent injuries benefits was unreasonable.

One key issue remains unresolved. The matter must be remanded to the Board for a determination whether respondent knew or reasonably should have known prior to the expiration of the five-year period set forth in section 5410 that there was a substantial likelihood he would have a claim for subsequent injuries benefits.

The decision of the Board is annulled and the cause is remanded to the Board for further proceedings consistent with the views expressed herein.

Tobriner, Acting C. J., McComb, J., Peters, J., and Burke, J., concurred.

**SULLIVAN, J.**—I dissent.

For the reasons set forth in my dissenting opinion in *Subsequent Injuries Fund* v. *Workmen's Comp. App. Bd.* (*Talcott*) *ante,* page 56 [84 Cal.Rptr. 140, 465 P.2d 28], I am of the opinion that the award of subsequent injuries benefits to the applicant herein should be annulled upon the ground that his claim therefor was barred by the provisions of section 5410 of the Labor Code. (See *Subsequent etc. Fund* v. *Ind. Acc. Com.* (*Patterson*) (1952) 39 Cal.2d 83 [244 P.2d 889]; *Subsequent Injuries Fund* v. *I.A.C.* (*Pranzitelli*) (1957) 151 Cal.App.2d 606 [312 P.2d 78]; *State of Cal.* v. *Industrial Acc. Com.* (*Clubb*) (1957) 155 Cal.App.2d 288 [318 P.2d 34].)

Petitioner's application for a rehearing was denied March 25, 1970. Sullivan, J., was of the opinion that the petition should be granted.