[No. 13094-1-III.   Division Three.   November 1, 1994.]

TIBOR ANTHONY ERTL, *Appellant*, v. THE PARKS AND RECREATION COMMISSION, *Respondent*.

*Dustin D. Deissner* and *Van Camp & Bennion,* for appellant.

*Christine O. Gregoire, Attorney General,* and *Carl B. Paul, Assistant,* for respondent.

SWEENEY, J. — Tibor Anthony Ertl hit a pothole while riding his bicycle in Riverside State Park and was injured. He filed a damage suit against the State of Washington for negligence. The State's motion for summary judgment was granted and the suit was dismissed.

Mr. Ertl appeals, contending among other things that the court erred in finding the pothole was not a latent condition pursuant to the recreational land use statute, RCW 4.24.210. We affirm.

## FACTS

Riverside State Park is a public park situated along the Spokane River. It is open for public use without fee. Park rangers employed by the State maintain the park roads and in the discharge of that responsibility regularly patrol the roads. In the spring of 1990, a park ranger noticed a "small four by six hole" on a park road frequented by recreational bicyclists; he ignored it because "it was not a safety hazard, anything to be concerned about".

On June 15, 1990, Mr. Ertl and a companion, Kathleen Weisenburger, both experienced bicyclists, rode through the park. It was a sunny day. Ms. Weisenburger had previously traveled on the park road; Mr. Ertl had not. The two were traveling 20 miles per hour down an approximately 200-foot stretch of straight road when Ms. Weisenburger noticed the pothole, now between 1 and 2 feet wide and about 4 inches deep. She had seen the pothole before and moved to avoid it. Mr. Ertl, riding about 35 feet behind her, did not see the pothole, struck it and fell, breaking his hip. According to Mr. Ertl, shadows from a tree adjacent to the road, contrasting with the sunlit portions of the road, together with other road patches near the pothole, effectively obscured or distorted his view of the pothole. The pothole was patched soon after the accident.

Mr. Ertl sued the State in February 1991. The State moved for summary judgment, claiming immunity pursuant to former RCW 4.24.210,[1] the recreational land use statute. The court struck portions of Mr. Ertl's declaration and por-

---

[1] RCW 4.24.210 was amended in 1991 and 1992, but the changes do not affect the provisions at issue in this appeal. The pertinent sections of the former statute provided:

"Any public or private landowners or others in lawful possession and control of any lands whether rural or urban, . . . who allow members of the public to use them for the purposes of outdoor recreation, which term includes, but is not limited to, . . . bicycling, . . . without charging a fee of any kind therefor, shall not be liable for unintentional injuries to such users: . . . *Provided further,* That nothing in this section shall prevent the liability of such a landowner or others in lawful possession and control for injuries sustained to users by reason of a known dangerous artificial latent condition for which warning signs have not been conspicuously posted:"

tions of the affidavit of his accident reconstructionist, John Lally,[2] and granted the State's motion.

## DISCUSSION

Mr. Ertl contends the recreational land use statute does not afford the State immunity because the injury was caused by a known, latent, dangerous condition of the park road for which warning signs had not been conspicuously posted. RCW 4.24.210.

At common law, a landowner's duty of care to persons entering his or her land is governed by the status of those entering, *i.e.*, trespassers, licensees or invitees. *Tincani v. Inland Empire Zoological Soc'y*, 124 Wn.2d 121, 128, 875 P.2d 621 (1994); *see generally* 3 Stuart M. Speiser et al., *American Law of Torts* § 14:3 (1986). Generally, a landowner owes trespassers and licensees "the duty to refrain from willfully or wantonly injuring them, whereas to invitees the landowner owes an affirmative duty to use ordinary care to keep the premises in a reasonably safe condition". *Van Dinter v. Kennewick*, 121 Wn.2d 38, 41-42, 846 P.2d 522 (1993).

The recreational land use statute was enacted in 1967 to encourage the owners of agricultural or forest lands to open land for gratuitous recreational use, by limiting landowner liability. *Van Dinter*, at 42. The immunity afforded by the statute was extended "to encourage owners or others in lawful possession and control of land and water areas or channels to make them available to the public for recreational purposes by limiting their liability toward persons entering thereon . . .". RCW 4.24.200. But the limitation of liability is not without exceptions: (1) when the recreational user is charged a fee; (2) when the user is injured by an intentional

---

[2]Mr. Ertl's declaration included the following statement: "from the perspective of a bike rider, in those lighting conditions, [the pothole] looked like part of the patch." The court excluded this statement as a conclusory opinion. Mr. Lally's excluded statements concerned the probable size (he never saw the unpatched pothole); the "substantial number" of bicyclists who probably use the road; the probability that a bicycle rider would be thrown if he hit such a large pothole; and an observation that a person unfamiliar with the road probably would not have seen the pothole. The court excluded these statements as conclusory opinions, unfounded by fact, and as matters of common knowledge already covered by witness testimony.

act; or (3) when the user sustains injuries caused by a "known dangerous artificial latent condition for which warning signs have not been conspicuously posted". Former RCW 4.24.210.[3]

■ Mr. Ertl contends he was injured by a known, dangerous, artificial and latent condition of the road. Because this is a review of a grant of summary judgment, our review is de novo. *Rice v. Dow Chem. Co.*, 124 Wn.2d 205, 208, 875 P.2d 1213 (1994).

Both parties tie disposition of this case to the meaning of the words "latent condition". Mr. Ertl argues the condition is latent whenever the sun casts shadows across the pothole. The State responds that a condition is either latent or it is not — the statute does not provide for "occasionally latent" conditions. We believe that neither position is dispositive.

■ Even assuming the pothole here was a latent condition, this case raises a second question which is dispositive: whether the landowner had actual, as opposed to constructive, knowledge that a dangerous, latent condition existed. *Tabak v. State*, 73 Wn. App. 691, 696, 870 P.2d 1014 (1994); *Gaeta v. Seattle City Light*, 54 Wn. App. 603, 609, 774 P.2d 1255, *review denied*, 113 Wn.2d 1020 (1989); *see also Van Dinter*, at 44-45 ("For example, a condition such as a partially covered well may not be readily apparent to the recreational user. In such a situation landowner liability can arise under RCW 4.24.210 only if the landowner knows about the condition." (Footnote omitted.)).[4] Actual knowledge

---

[3]Although the overwhelming majority of states now have some form of recreational land use statute, Washington's is the only statute which includes element (3) for landowner liability. The other states' statutes provide immunity unless the landowner intentionally fails to warn of a condition posing a risk of serious injury or death or the landowner is guilty of willful, malicious or grossly negligent conduct. *See* W. Page Keeton et al., *Prosser and Keeton on Torts* § 60 (5th ed. 1984), § 60 n.46 (Supp. 1988); 3 Speiser § 14:5.

[4]This hypothetical was borrowed from the debate in the Senate during which the term "known" was proposed to precede "dangerous artificial latent condition". The senator offering this amendment stated as follows:

Senator Donohue buys a section of range land. He has not explored it foot by foot. Someone says, 'Can I hunt on this range land?' and the Senator says, 'Yes, you can hunt.' Unbeknownst to Senator Donohue, the prior owner somewhere dug a well and didn't properly cover it. Now this is an artificial, latent defect — artificial because man made, latent because it appears to be covered and isn't. Senator Donohue has not personally explored this whole section.

distinguishes RCW 4.24.210 from common law liability for dangerous conditions about which the landowner knows or *should* know. *Morgan v. United States*, 709 F.2d 580, 583 (9th Cir. 1983). "Known" in RCW 4.24.210 refers to the landowner's mental state. *Morgan*, at 583. A landowner must know of the condition and must know it is dangerous and latent. *Tabak*, at 696; *Gaeta*, at 609.

■ Mr. Ertl presented no evidence the State actually knew the pothole was obscured by shadows at times. In fact, the only other direct evidence in this record is that of Ms. Weisenburger, who saw the pothole just prior to Mr. Ertl's accident. Without a prima facie showing of actual knowledge, there is no genuine issue of fact and the trial court properly granted summary judgment for the State. *Young v. Key Pharmaceuticals, Inc.*, 112 Wn.2d 216, 225-27, 770 P.2d 182 (1989); *Ames v. Fircrest*, 71 Wn. App. 284, 289-90, 857 P.2d 1083 (1993).

Mr. Ertl also contends the trial court abused its discretion in striking portions of his declaration and that of his expert, Mr. Lally. The disputed portions of both affidavits pertain to the ability of Mr. Ertl or someone similarly situated to see and appreciate the condition created by the pothole, the shadows and the surrounding pavement. Because of our disposition of the case, it is unnecessary to decide the issue. Regardless of whether the condition is dangerous and latent, the State is not liable unless it had actual knowledge of it.

Affirmed.

THOMPSON, C.J., and MUNSON, J., concur.

Review denied at 126 Wn.2d 1009 (1995).

___

This amendment says that the Senator does not have to post something he doesn't know about. If there is an open well that he knows about, he has to post it. But he shouldn't be liable for something on this land that he doesn't know about.

Senate Journal, 40th Legislature (1967), at 875, *quoted in Morgan v. United States*, 709 F.2d 580, 584 (9th Cir. 1983).