[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I.
The defendants Robert Russo and Linda Russo, have filed a Motion to Strike dated June 7, 2002. Said motion seeks to strike the First, Second, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh and Twelfth Counts of the plaintiffs' amended complaint, dated May 7, 2002.
The initial complaint is in sixteen counts and is dated November 30, 2000. Thereafter, the plaintiffs' filed a revised complaint dated May 4, 2001. Said revised complaint also contained sixteen counts, however paragraph 15 was expanded as to alleged conduct by the Russos.
On May 25, 2001, the Russo defendants filed a Motion to Strike the first, second, fifth, sixth, seventh, eighth, ninth, tent, eleventh and twelfth counts of the revised complaint. Said Motion to Strike was granted by Judge Shapiro. Judge Shapiro concluded that the Russos did not owe the plaintiffs a duty to guard against a natural condition on adjacent land.
Subsequent to Judge Shapiro's decision, the plaintiffs filed an amended complaint dated January 16, 2002. In the amended complaint, the plaintiffs changed paragraph 15 to allege "an unsafe and dangerous artificial condition, namely the steep rocky precipice" and added a new paragraph 23.
Pursuant to a Motion to Revise, the plaintiffs filed an amended complaint dated May 7, 2002 and the defendants' Motion to Strike is directed to said amended complaint. The amended complaint amends paragraph 23 and added a new paragraph 24 as follows:
"23. At all times mentioned herein, Defendants Russo treated the rear portion of their property located at 219 Pleasant Street in Willimantic, Connecticut and the adjacent Windham Mills property located at 199 CT Page 11569 Pleasant Street, Willimantic, Connecticut as common area for use by the tenants of Defendants' Russo including the Plaintiff, Deana Dorothy Watson.
24. At all times mentioned herein, Defendants Russo exercised control over this common area described in paragraph 23 including the unlocked gate, pathway and artificial condition, namely the steep rocky precipice from where Deana Dorothy Watson fell in one or more of the following ways:
a) the Defendants permitted unrestricted use of the common area by their tenants and more specifically, the Plaintiff Deana Dorothy Watson;
b) the Defendants permitted unrestricted access to the common area by their tenants through the unlocked gated to the pathway to the artificial condition namely the steep rocky precipice from where Deana Dorothy Watson fell;
c) the Defendants represented that access to common area was permitted by their tenants through the unlocked gate and pathway to the artificial condition namely the steep rocky precipice from where Deana Dorothy Watson fell;
d) the Defendant represented that use of the common area was permitted by tenants through the unlocked gate and pathway to the artificial condition namely the steep rocky precipice from where Deana Dorothy Watson fell;
e) the Defendants provided an access way for their tenants through the common area including the unlocked gate and pathway to the artificial condition namely the steep rocky precipice from where Deana Dorothy Watson fell;
f) the Defendants maintained an access way for the use of their tenants through the common area including the unlocked gate and pathway to the artificial condition namely the steep rocky precipice from where Deana Dorothy Watson fell;
g) the Defendants made periodic inspections of their property including the common area.
 II.
Any determination of the instant Motion to Strike must necessarily begin with Judge Shapiro's decision dated January 9, 2002. CT Page 11570
Judge Shapiro notes that the while the Russos argue that they did not owe a duty to plaintiffs, the court need not resolve this question since the defendants have referenced an issue that the court finds dispositive of the motion. Said issue was that a landowner does not owe a duty for a natural condition that causes harm to an invitee. The court went on to find that the "rocky precipice" as stated in the complaint is a natural condition. Accordingly, Judge Shapiro concluded that the Russos did not owe the plaintiffs a duty because the alleged dangerous condition is a natural condition. Therefore, he granted the Russos' Motion to Strike.
The defendants seek to overcome the decision by Judge Shapiro, by filing an amended complaint dated May 7, 2002 and in paragraph 15 refer to the condition as an artificial condition, namely the steep rocky precipice", they also amend paragraph 23 and add paragraph 24.
This court must now determine if the plaintiffs complaint of May 7, 2002 is legally sufficient. The defendants argue that no duty is owed to the plaintiffs because the Russos did not own the land on which the condition existed, that they did not create or maintain the condition, nor was the condition in their control. The plaintiffs acknowledge in paragraph 14 of their current complaint, that the area in question was owned, controlled and possessed by the Windham Mills Development Corporation. The defendants cite the case of McMann v. Benton County,946 P.2d 1183 (1997) in support of their position. Said court held, "the majority of jurisdiction do not impose a duty upon landowners to protect people on their land from dangers on adjacent land." The McMann court, citing another California case, noted "that landowners have no duty to erect a fence or barrier to prevent people from injuring themselves upon other people's property due to conditions, natural or artificial which may exist and which one has no control."
Under the facts in this case the distinction between a natural or artificial condition has no significant meaning, because as to the Russos the condition was not on their property and they did not create or maintain it. Therefore the rewording of paragraph 15 should not change the decision by Judge Shapiro.
Furthermore, the plaintiffs acknowledge in their Memorandum of Law dated July 5, 2002, in opposition to the Motion to Strike on page 22 "The key issue is control of the property," and the plaintiffs have acknowledged in their complaint, that the property in question was owned, controlled and possessed by Windham Mills.
Lastly the plaintiffs in the added paragraph 24 try to refer to the CT Page 11571 property described in paragraph 23 as "common area". However, as plaintiffs note in their Memorandum of Law, page 222, common area refers to portions of building or grounds which are for the common use of tenants. The concept of "common area" pertains to leased property not property that the defendants do not own or control. The area where the occurrence took place is admittedly not within the ownership or control of the Russos. The allegation in paragraph 23 and 24 are conclusionary and do not establish a duty on the part of the Russos. The plaintiffs have not alleged the existence of a duty owing to the plaintiffs by the Russos.
Accordingly, this court finds that the complaint dated May 7, 2002 is not materially different from the one dated May 4, 2001. The allegations in said complaint of May 7, 2002 do not warrant a different conclusion then that reached by Judge Shapiro.
This court concludes that the facts alleged in the complaint of May 7, 2002 are legally insufficient to state a cause of action against the Russos, therefore the defendants Motion to Strike counts one, two, five, six, seven, eight, nine, ten, eleven and twelve is hereby granted.
 ________________ Stengel, J.
CT Page 11572