80 P.3d 180 (2003)
119 Wash.App. 310
Henry GANNO, Appellant,
v.
LANOGA CORPORATION, a Delaware corporation doing business as Lumbermen's Building Center, and DOES 1-25, Respondent.
No. 29762-1-II.
Court of Appeals of Washington, Division 2.
November 25, 2003.
*181 Karol Whealdon-Andrews, Anderson Burns & Hostnik, University Place, WA, for Appellants.
Donna M. Young, Attorney at Law, Seattle, WA, for Respondent.
John A. Reed, Seattle, WA, Amicus Curiae on behalf of John A. Reed.
HUNT, C.J.
Henry Ganno appeals the trial court's grant of summary judgment to Lanoga Corporation, d/b/a Lumbermen's Building Centers in Fife, in Ganno's action for injuries he claims were caused by Lumbermen's negligent loading of a beam into his truck. Ganno argues that Lumbermen's breached the duty of care that a business owner owes its customers when it failed to secure his load before he left the premises. We hold as a matter of law under the facts of this case that it was Ganno's duty, not Lumbermen's, to make sure his load was secure before driving onto the public highways. We affirm.

FACTS
Henry Ganno went to the Fife Lumbermen's store, where he purchased a 12-foot beam weighing 100 pounds. In the lumberyard, a Lumbermen's employee approached Ganno, took his receipt, and used a forklift to place the beam in the open bed of Ganno's truck. The employee placed one end of the 12-foot beam on top of a toolbox that Ganno had in the bed of his truck and the other end on top of the truck's tailgate. Ganno's truck bed was 6 feet, 6 inches long with the tailgate down, and the beam projected about four feet from the end of the truck. The employee asked Ganno if he wanted the beam flagged, Ganno said "yes," and the employee flagged the beam. The employee did not tie down or otherwise secure the beam before authorizing Ganno to leave the loading area.
There was a sign posted in the lumberyard that stated Lumbermen's policy not to secure loads for customers:
*182 Brief of Respondent, Exhibit No. 5. Ganno had to drive by this sign when he entered the lumberyard, although he claims the sign was obscured and was too small to read. The employee and Ganno did not discuss securing the beam, although Ganno claims that the employee implied that he had done so when he said, "That's it."
At no time did Ganno leave his truck, tie down the beam, attempt to use the twine provided for customers near the lumberyard's entrance, or check his load to make sure that it was secure. Instead, he drove out of the lumberyard, with the long, heavy beam propped on the toolbox and extended more than four feet out from the end of the truck bed. As he turned a corner, the beam fell off the truck into the public street. As Ganno attempted to retrieve the beam, another motorist hit it, which caused the beam to strike Ganno's leg and shatter his kneecap.
Doctors surgically removed a substantial portion of Ganno's knee cap. He continues to experience residual pain, disability, and weakness in the injured knee.
Ganno sued Lumbermen's for his injuries. The trial court granted summary judgment to Lumbermen's. Ganno appeals.

ANALYSIS

I. STANDARD OF REVIEW
A trial court properly grants summary judgment when the pleadings, affidavits, and depositions on file demonstrate that there is no issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). When reviewing an order of summary judgment, we engage in the same inquiry as the trial court. Marincovich v. Tarabochia, 114 Wash.2d 271, 274, 787 P.2d 562 (1990). Therefore, we consider all evidence in the light most favorable to the nonmoving party, and we review issues of law de novo. Shellenbarger v. Brigman, 101 Wash.App. 339, 345, 3 P.3d 211 (2000).

II. BUSINESS OWNER'S DUTY TO INVITEE-PREMISES LIABILITY
Ganno argues that Lumbermen's owed a duty to him as an invitee on Lumbermen's property. Lumbermen's counters that Ganno's action is not a premises liability case because the injury did not occur on Lumbermen's property; thus, Lumbermen's owed him no duty. We agree with Lumbermen's.
Ganno relies on the RESTATEMENT (SECOND) OF TORTS § 343, 343A (1965). But the Restatement does not support his claim. Premises liability arises from obvious or known dangers on a landowner's property and a landowner's duty to warn an invitee *183 about these dangers. RESTATEMENT (SECOND) OF TORTS § 343A (1965). The key to liability is that the injury occurs on the landowner's property. But such is not the case here. Ganno's injury occurred on a public highway, after he left Lumbermen's property. There is no premises liability where the plaintiff's injuries do not result from conditions on the defendant's premises. McMann v. Benton County, Angeles Park Communities, Ltd., 88 Wash.App. 737, 742-43, 946 P.2d 1183 (1997), review denied, 135 Wash.2d 1005, 959 P.2d 125 (1998). Thus, Ganno's premises liability claim fails.

III. VOLUNTARY RESCUE DOCTRINE
Ganno also asserts that Lumbermen's is liable under the voluntary rescue doctrine. He contends that Lumbermen's (1) undertook a duty to warn when it placed a sign in the lumberyard telling customers that it does not tie down merchandise for customers, and (2) then gratuitously undertook to perform a tie-down service for him when its employee selected the beam, loaded it into his truck, and flagged it. We disagree.
Under the voluntary rescue doctrine, a duty to rescue arises when the rescuer knows a danger is present and takes steps to aid an individual in need. RESTATEMENT (SECOND) OF TORTS §§ 323, 324A (1965); French v. Chase, 48 Wash.2d 825, 829-30, 297 P.2d 235 (1956). A person may be liable for attempting a voluntary rescue and making the plaintiff's situation worse if that person (1) increases the danger; (2) misleads the plaintiff into believing the danger has been removed; or (3) deprives the plaintiff of possible help from others. Folsom v. Burger King, 135 Wash.2d 658, 676, 958 P.2d 301 (1998). None of these situations existed here.
Ganno contends that Lumbermen's was negligent in loading the beam without securing it. Because this act occurred before Ganno was in peril, it could not trigger the voluntary rescue doctrine. Folsom, 135 Wash.2d at 677, 958 P.2d 301. Lumbermen's neither created nor increased the danger of Ganno's unsecured load simply by placing the beam in Ganno's truck.
Furthermore, Lumbermen's did not attempt to rescue Ganno from any danger, including the danger that Ganno created by his own inaction. Rather, Lumbermen's stated policy was not to tie down materials for customers. In addition to the warning sign, Lumbermen's provided twine for customers to use at the front of the lumberyard. Lumbermen's never told Ganno that it was securing his load, nor did Ganno ask the employee to do so. Moreover, Lumbermen's did not in any way deprive Ganno of the possibility of help from others.
Ganno simply assumed that the employee had secured the beam after loading it into his truck bed with the forklift. He never got out of his truck to check the security of his load before driving off. Ganno's "reliance" on his own erroneous assumption was not an action by Lumbermen's. If Ganno was "misled" into believing that the employee had cured the danger created by his unsecured load, his mistaken assumption was the result of his own negligence.
In short, Ganno's misjudgment does not make Lumbermen's liable under the rescue doctrine. Because Ganno failed to establish any basis for the alleged duty, the trial court properly granted summary judgment.

IV. UCC  RISK OF LOSS
Ganno next asserts that Lumbermen's duty of care did not end when he drove off Lumbermen's property. Again, we disagree.
RCW 62A.2-509(3) of the Uniform Commercial Code declares that where the seller is a merchant, the risk of loss passes to the buyer on receipt of goods.[1] Accordingly, Lumbermen's duty of care ended when it placed the beam into Ganno's truckbed.
Ganno cites Gillarde v. N. Pac. Ry. Co., 28 Wash.2d 233, 179 P.2d 235 (1947), but his reliance on this case is misplaced. Gillarde did not take possession of the goods until *184 they arrived at the contract destination, by which time they were already damaged. In contrast, Ganno received the beam from Lumbermen's in good condition at the merchant's place of business. Moreover, the Gillarde court did not discuss the risk-of-loss issue, and it rendered its decision before enactment of RCW 62A.2-509.
In the absence of a legal duty to secure a customer's load, as here, there is no liability to a customer once he is in possession of the goods. RCW 62A.2-509(3). The risk of loss passed to Ganno when Lumbermen's loaded the beam into his truck. Again, Lumbermen's is not liable for the ensuing damage after Ganno took possession and left Lumbermen's property.

V. RCW 46.61.655
Finally, Ganno contends that his failure to comply with RCW 46.61.655, if any, was not evidence of his own negligence. We agree with Lumbermen's that the statute clearly covers Ganno's conduct.
RCW 46.61.655 applies to all vehicles carrying loads on public highways. It states in pertinent part:
No vehicle shall be driven or moved on any public highway unless such vehicle is so constructed or loaded as to prevent any of its load from dropping, sifting, leaking, or otherwise escaping therefrom.
RCW 46.61.655(1). As the driver of the truck, Ganno had a statutory duty to secure the beam so that it would not fall off. This was not Lumbermen's duty because its employees did not operate the truck. RCW 46.61.655(2).
Ganno further argues that a RCW 46.61.655 violation raises an issue of comparative fault. Again, we disagree. Lumbermen's owed no duty to secure Ganno's load. Thus, it cannot be at fault as a matter of law. And even had Lumbermen's undertaken to secure Ganno's load, which it did not, Ganno would still be liable under the statute because he was the one who drove the truck on a public highway without first ascertaining that his load would not "escape." RCW 46.61.655(1).
We hold that there are no issues of material fact and that the trial court properly granted Lumbermen's motion for summary judgment as a matter of law. Thus, we affirm.
We concur: SEINFELD and HOUGHTON, JJ.
NOTES
[1] Lumbermen's is such a merchant. RCW 62A.2-104(1) defines a merchant as "a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction."